### 3053. HALL v. THE STATE.

POWELL, J. There was no abuse of discretion in overruling the motion for a continuance. The evidence supports the verdict.

*Judgment affirmed.*

DECIDED JANUARY 17, 1911.

Indictment for forgery; from Morgan superior court—Judge Lewis. October 24, 1910.

*Percy Middlebrooks, T. Donnelly Bennett,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

---

### 3058, 3059. BOYD r. CITY OF ATLANTA. (Two cases.)

HILL, C. J. 1. The ordinance of the City of Atlanta known as the "traveling blind-tiger ordinance," and section 1537 of the city code, make two separate and distinct municipal offenses. The ordinance first referred to is violated only when intoxicating liquors are carried on the person around the streets for the purpose of unlawful sale. Section 1537 makes it penal to have on hand intoxicating liquors for the purpose of unlawful sale, without any qualification or restriction as to the place of possession.

2. Evidence that the accused had whisky on his person on the streets of Atlanta, that he had made two sales on the streets of whisky which he had on his person, that he had five cases of whisky in his private room where he lived in the city, that on his person when arrested were found bills of lading to his order, covering ten cases of whisky subsequently found at the freight depot addressed to him, that he had frequently received whisky by freight in the city, and that he had a special-tax stamp to do a retail liquor dealer's business for the year 1910, issued by the collector of internal revenue, was sufficient to authorize a conviction of a violation of section 1537, making it a penal offense to have on hand intoxicating liquors for the purpose of illegal sale, and also a conviction of what is known as the "traveling blind-tiger ordinance."

3. There was no error in the rejection by the recorder of testimony offered to show that another person had been convicted of a violation of section 1537 for having on hand some of the whisky which the evidence showed was in the possession of the accused. This testimony was immaterial and irrelevant. There was no error in overruling the petitions for certiorari.

*Judgments affirmed.*

DECIDED JANUARY 17, 1911.

Certiorari; from Fulton superior court—Judge Bell. October 11, 1910.

*John A. Boykin,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.